# Exhibit 2

August 31, 2006

WPP Luxembourg Gamma Three Sarl
Rue Heine, 6
L-1720 Luxembourg
Luxembourg

Attention: Lennart Stenke

Re:   Spot Runner, Inc. – Board Observer Rights

Ladies and Gentlemen:

This letter agreement will confirm our agreement that in consideration of a certain strategic relationship between WPP Luxembourg Gamma Three Sarl and its Affiliates, ("Affiliates" shall mean entities controlled by, controlling or under common control with WPP Luxembourg Gamma Three Sarl and "control" shall mean the direct or indirect power to elect the management of the entity; the ownership of fifty percent (50%) or more of the securities that vote to elect management shall be deemed to be control) (collectively, "WPP") and Spot Runner, Inc., a Delaware corporation (the "Company"), WPP will be entitled to the following contractual board observer rights:

1. The Company and WPP will mutually agree (which agreement shall not be unreasonably withheld or delayed by the Company) upon a WPP representative (the "Observer") who shall be entitled to attend all meetings of the Company's Board of Directors (the "Board") in a non-voting, observer capacity.

2. The Company shall provide to the Observer, concurrently with the members of the Board, and in the same manner, notice of each meeting of the Board and a copy of all materials provided to the members of the Board; *provided, however*, that the Company shall have the right to exclude the Observer from portions of meetings of the Board or omit to provide the Observer with certain information or materials (i) if the Company, acting in good faith, believes that such exclusion or omission is reasonably necessary in order to preserve the Company's attorney-client privilege, (ii) if access to such information or materials, or attendance at such portion of the meeting from which the Observer is to be excluded, is reasonably likely to result in a conflict of interest between such Observer and the Company or its counsel, or (iii) to protect trade secrets, highly confidential, proprietary or competitive information.

WPP agrees that it will hold in confidence all Confidential Information (as defined below) of the Company provided to it or learned by it in connection with its rights under this agreement and use such information solely to assist in the strategic relationship between the Company and WPP

("Restricted Use"). For purposes of this agreement, "Confidential Information" shall include all information which WPP knows or should reasonably know is considered confidential or secret by the Company, including, without limitation, information about trade secrets, designs, technology, know-how, processes, formulas, data, research and developments, inventions (whether patentable or not), works of authorship, customer lists, financial statements or results of operations, and business and product development plans. This obligation shall not apply to information which (i) becomes part of the public domain except through a breach of WPP's obligations, (ii) the Company authorizes disclosure of in writing, (iii) is required to be disclosed by law in the reasonable opinion of WPP's counsel, (iv) is independently developed by WPP or (v) is required by order of a court or other tribunal or regulatory process; provided that with respect to clauses (iii) and (v) above WPP uses diligent reasonable efforts to limit disclosure and to obtain confidential treatment or a protective order and allows the Company to participate in the proceeding.

This letter and the observer rights granted to WPP herein will terminate upon the earlier to occur of (i) an initial public offering of Common Stock in the Company, (ii) a Change of Control of the Company (as defined below), or (iii) at such time as there is a fifty percent (50%) or greater reduction in the number of shares of the Company's capital stock held by WPP from the number of such shares held by WPP on the date hereof. For purposes of this agreement, "Change of Control" shall mean any transaction (or series of related transactions) involving: (i) the sale of all or substantially all of the assets of the Company; (ii) the merger of the Company with or into another entity; or (iii) the sale of equity interests in the Company, unless in each case the equity owners of the Company prior to any such transaction or series of related transactions continue to beneficially own more than 50% of the outstanding equity interests of the surviving entity following such transaction. It is the intent of the foregoing that a Change of Control shall include any effective sale of the Company for value or any liquidation, dissolution or winding up of the Company, either voluntarily or involuntarily, in accordance with the Certificate of Incorporation of the Company.

Notwithstanding the foregoing, the confidentiality obligations of WPP contained in this letter shall survive for a period of forty-two (42) months following the termination of this letter.

*[The remainder of this page is intentionally left blank.]*

- 2 -

47

The undersigned hereby execute and deliver this letter agreement as of the date first set forth above. This letter agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

Very truly yours,

**SPOT RUNNER, INC.**

By: _____
Name: Nick Grouf
Title: President and Chief Executive Officer

AGREED TO AND ACCEPTED on this _____ day of _____, 2006:

_____
*(Name of Entity)*

_____
*(Signature)*

_____
*(Name and title of signatory)*

|Spot Runner, Inc. Board Observer Rights Letter Agreement|

The undersigned hereby execute and deliver this letter agreement as of the date first set forth above. This letter agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

Very truly yours,

**SPOT RUNNER, INC.**

By:_____
    Name: Nick Grouf
    Title: President and Chief Executive Officer

AGREED TO AND ACCEPTED on this  31  day of  August , 2006:

WPP Luxembourg Gamma Three Sarl
(Name of Entity)

_____
(Signature)

Thierry Lenders, Manager
(Name and title of signatory)

[Spot Runner, Inc. Board Observer Rights Letter Agreement]